IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 96-cv-00823-PSF

ERNEST FRANK CLARK,

    Plaintiff,

v.

MICHAEL LAVALLIE;
DAVID PRUYNE;
DAVID GALL;
JOE PATRICK;
ROBERT BASINGER; and
BRUNO IREULLI,

    Defendants.

## ORDER DENYING PLAINTIFF'S "INDEPENDENT ACTION IN EQUITY TO SET ASIDE FRAUDULENTLY OBTAINED JUDGMENT"

This matter comes before the Court on Plaintiff Ernest Clark's pleading titled "Independent Action in Equity to Set Aside Fraudulently Obtained Judgment" ("Plaintiff's Motion") (Dkt. # 65), filed November 17, 2003. The plaintiff's filing was made while this case was pending before the late Judge Daniel Sparr, who passed away in November 2006. The matter was transferred to the undersigned in October 2006.

On October 25, 2006, when this Court noted that there was no indication that the government had received the plaintiff's filing, it entered an Order (Dkt. # 77) directing the United States as an interested party to respond to plaintiff's filing, later allowing the United States to and including January 4, 2007 within which to file the response. On

January 4, 2007, the United States filed its response, arguing essentially that plaintiff's motion should be denied because it is untimely under Rule 60(b)(3), F.R.Civ.P., and does not meet the requirements of the other avenues of relief provided for in Rule 60. On February 7, 2007, plaintiff filed his reply to the response of the United States (Dkt. # 88). The matter is now ripe for determination.

The Court agrees that plaintiff's motion must be denied, but not necessarily on the basis asserted by the Untied States. If construed as a motion under Rule 60(b)(3), F.R.Civ.P. seeking to set aside a judgment for fraud or other misconduct of an adverse party, the motion is untimely because such a motion must be filed within one year after the entry of judgment. The record here reflects that judgment was entered against plaintiff on June 19, 1998 (Dkt. # 43), and was affirmed by the Tenth Circuit's mandate issued on April 21, 2000 (Dkt. # 62). *See Clark v. Lavallie*, 204 F.3d 1038 (10th Cir. 2000). Plaintiff's instant motion was not filed for nearly 3½ years after the denial of his appeal, hence it is untimely as a motion under Rule 60(b)(3).

Rule 60(b), however, also provides that relief from a judgment can be obtained by an "independent action" but does not specify how or where such an action should be filed. Nonetheless, the Advisory Committee notes to Rule 60(b) provide that "[i]f the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action." The principles to be applied to such an action are discussed in the Tenth Circuit's decision in *United States v. Buck*, 281 F.3d 1336, 1341-42 (10th Cir. 2002), and include

a requirement that plaintiff show "a grave miscarriage of justice" or a "fraud on the court."

Moreover, although the plain meaning of the Rule as to the bringing of an "independent action" means the filing of a new complaint, which plaintiff has not done here as the United States points out, the Tenth Circuit has indicated in *Buck, supra*, that generally no purpose is served by denying a request for relief such as this on the grounds that the motion was "misstyled." *Id.* at 1342. Rather, as the Court there stated, "[t]he substance of the plea should control, not the label. We should construe the motion either as an independent action, . . . or . . . as a pleading invoking the court's inherent power to grant relief for fraud upon the court." *Id.* Accordingly, this Court will not deny plaintiff's motion on procedural grounds, but rather will consider whether the plaintiff has made a substantial showing of "a grave miscarriage of justice" or fraud on the court so as to justify setting aside the judgment entered against him.

Plaintiff's motion essentially alleges that he is entitled to relief from judgment because the defendants named in his complaint and a prison medical assistant submitted perjured testimony in their declarations in support of their motions for summary judgment, or concealed material facts with the intent to deceive the court. (Dkt. # 65 at 7-10). Plaintiff's motion does not expressly delineate the basis for his allegations of perjury as to particular statements made by the defendants or the medical assistant, but rather as evidence of his alleged "fraud" plaintiff references the testimony of witnesses and the jury's verdict in a criminal case, *United States v. LaVallie, et al*, No. 00-cr-481, brought in 2000 against (among others) three of the

3

defendants named in his civil suit (LaVallie, Pruyne and Gall). He asserts that such testimony and verdicts "illustrate[ ] the falsity of the defendants' sworn declarations" and demonstrates other wrongdoing by them (*id.* at 8-10).

The Court finds that these allegations are insufficient to make a showing of fraud on the court or such a "grave miscarriage of justice" to justify setting aside the judgment in this case. First, as stated in *Buck, supra*:

> Fraud on the court ⋯ is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud ⋯ where the impartial functions of the court have been directly corrupted.

281 F.3d at 1342 (citation omitted). Thus even if plaintiff could demonstrate that the declarations which were submitted were false (a showing which the Court does not find has been made here) it would not satisfy the standard for showing a fraud on the court. Indeed, as the *Buck* decision goes on to state:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Id.* (citation omitted). Plaintiff's motion does not allege any such misconduct as described here.

Second, notwithstanding the allegations and the outcome of the criminal case cited by plaintiff, they do not support his request for relief in this case. Plaintiff has

4

made no showing that any of the overt acts alleged in the indictment or proven at trial involved conduct taken with respect to him. Moreover, two of the defendants named in his civil case, Defendants Pruyne and Gall, were acquitted in the criminal case. Furthermore, plaintiff has made no showing that the medical assistant identified in his present motion, R.G. Balinao, was charged or implicated in any of the conduct relevant to the criminal case. Accordingly, however egregious the conduct shown in the criminal case may have been, it does not provide a basis for overturning the judgment entered against plaintiff in this case, and affirmed on appeal, under the very strict standards of Rule 60.

**CONCLUSION**

Plaintiff's Independent Action in Equity to Set Aside Fraudulently Obtained Judgment" (Dkt. # 65) filed November 17, 2003, treated as a motion under Rule 60(b) is DENIED. The Clerk of the Court is directed to enter judgment in accordance with this Order.

DATED: February 12, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge

5